"The proper focus is on the state of mind produced in the victim by the defendant's conduct, because the *sine qua non* for criminal liability for sex offenses under our Penal Law is lack of consent" (*People v Thompson,* 72 NY2d 410, 416, *rearg denied* 73 NY2d 870). (Appeal from Order of Erie County Court, Drury, J.—Dismiss Counts Indictment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ CHERYL ANDREA et al., Appellants, v E.I. DU PONT DE NEMOURS & Co. et al., Defendants, and ARNONE, HEDIN, CASKER, KENNEDY AND DRAKE ARCHITECTS AND LANDSCAPE ARCHITECTS, P. C. (HABITERRA ASSOCIATES), et al., Respondents. (Action No. 1.) SHIRLEY DIETZ, Individually and as Parent and Natural Guardian of SCOTT FROST, an Infant, et al., Appellants, v JAMESTOWN PUBLIC SCHOOLS et al., Respondents, et al., Defendants. (Action No. 2.) ELDEN J. FRANCISCO et al., Individually and as Parents and Natural Guardians of CHRISTY FRANCISCO, an Infant, et al., Appellants, v JAMESTOWN PUBLIC SCHOOLS et al., Respondents. (Action No. 3.) KAREN SEEKINGS, Individually and as Parent and Natural Guardian of CHRISTINA TERRY, an Infant, Appellant, v JAMESTOWN CITY SCHOOL DISTRICT et al., Respondents, et al., Defendants. (Action No. 4.) [725 NYS2d 904] —Order unanimously affirmed without costs (*see, Kihl v Pfeffer,* 94 NY2d 118, 122-123). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Discovery.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ SHARON E. GARIGEN et al., Appellants, v DARLENE M. MORROW, Respondent. [725 NYS2d 906] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs appeal from a judgment awarding Sharon E. Garigen (plaintiff) $25,000 for past pain and suffering and $25,000 for future pain and suffering for a period of five years based on injuries to her left wrist and right knee sustained in a motor vehicle accident. The jury awarded plaintiff's husband no damages on his derivative cause of action. Contrary to plaintiffs' contention, the verdict is not against the weight of the evidence. Based upon the record before us, we conclude that the evidence did not so preponderate in favor of plaintiffs that the jury's award of damages could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *see generally, Nicastro v Park,* 113 AD2d 129, 134-135). Further, we reject plaintiffs' contention that the award of damages is inadequate; the award does not deviate materially "from what would be reasonable compensation" (CPLR 5501 [c]). Finally, based on the testimony at trial, including the testimony