[840 NE2d 565, 806 NYS2d 453]

CHERYL ANDREA et al., Appellants, v ARNONE, HEDIN, CASKER, KENNEDY AND DRAKE, ARCHITECTS AND LANDSCAPE ARCHITECTS, P.C. (HABITERRA ASSOCIATES) et al., Defendants, and TIEDE-ZOELLER, INC., Respondent. (Action No. 1.)

MARK FOSTER et al., Appellants, v JAMESTOWN PUBLIC SCHOOLS et al., Respondents, et al. Defendants. (Action No. 2.)

Argued September 13, 2005; decided October 27, 2005

**POINTS OF COUNSEL**

*Lewis & Lewis, P.C.,* Buffalo (*Allan M. Lewis* and *Emily L. Downing* of counsel), for appellants. CPLR 205 (a) grants plaintiffs the right to refile these actions. (*Gaines v City of New York,* 215 NY 533; *Schuman v Hertz Corp.,* 17 NY2d 604; *George v Mt. Sinai Hosp.,* 47 NY2d 170; *Moran v Rynar,* 39 AD2d 718; *Neyra Y Alba v Pelham Foods,* 46 AD2d 760; *Paoli v Sullcraft Mfg. Co.,* 104 AD2d 333; *Carven Assoc. v American Home Assur. Corp.,* 84 NY2d 927; *Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614.)

*Nixon Peabody LLP,* Buffalo (*Laurie Styka Bloom* of counsel); *Sugarman Law Firm, LLP,* Syracuse (*Timothy J. Perry* of counsel); *Elbert Hargesheimer, III,* Hamburg; *Hagerty & Brady,* Buffalo (*Thomas V. Hagerty* of counsel); *Feldman, Kieffer & Herman, LLP* (*Mark S. Nemeth* of counsel); *Quinn, McGarry, Caffery & Patricia, P.C.* (*John P. Quinn, Jr.* of counsel); *Colucci & Gallaher, PC* (*Todd C. Bushway* of counsel); *Brown & Kelly, LLP* (*Mark J. Schaefer* of counsel); *Kenney, Shelton, Liptak & Nowak, LLP* (*Thomas E. Liptak* of counsel) and *Hinshaw & Culbertson,* Chicago, Illinois (*Carlton D. Fisher* of counsel), for Arnone, Hedin, Casker, Kennedy and Drake, Architects and Landscape Architects, P.C. (Habiterra Associates) and others, respondents. I. CPLR 205 (a) does not apply and provides no basis for relief to plaintiffs. (*Poulos v U-Haul Intl.,* 303 AD2d 480; *Schmidt v Merchants Despatch Transp. Co.,* 270 NY 287, 271 NY 531; *Snyder v Town Insulation,* 81 NY2d 429; *Consorti v Owens-Corning Fiberglas Corp.,* 86 NY2d 449; *MacIntosh v Bronzo,* 302 AD2d 434; *Williams v Jian Chu Yu,* 207 AD2d 442; *Ivory v Ekstrom,* 98 AD2d 763; *Alaimo v Velco Enters.,* 234 AD2d 325; *Ginsberg v City of Long Beach,* 191 AD2d 478; *Kelly v Rosenthal,* 176 AD2d 283, 79 NY2d 751.) II. Plaintiffs failed to meet any of the conditions precedent to application of CPLR 205. (*Lehman Bros. v Hughes Hubbard & Reed,* 92 NY2d 1014; *Cheney v National Sur. Corp.,* 256 App Div 1041, 283 NY 603; *Dorst v Eggers Partnership,* 265 AD2d 294; *Pyne v 20 E. 35 Owners Corp.,* 267 AD2d 168; *Slate v Schiavone Constr. Co.,* 4 NY3d 816; *Brill v City of New York,* 2 NY3d 648; *Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725.)

*Dean Law Firm P.C.,* Grand Island (*Robert A. Dean* of counsel), for Tiede-Zoeller, Inc., respondent. I. Plaintiffs-appellants are not entitled to reinstitute their actions since their prior actions were dismissed for their willful and repeated refusal to obey court orders directing disclosure. (*Kihl v Pfeffer,* 94 NY2d 118; *Keel v Parke, Davis & Co.,* 50 NY2d 833; *Flans v Federal Ins. Co.,* 43 NY2d 881; *Alaimo v Velco Enters.,* 234 AD2d 325; *Williams v Jian Chu Yu,* 207 AD2d 442; *Kelly v Rosenthal,* 176 AD2d 283; *Ivory v Ekstrom,* 98 AD2d 763; *Carven Assoc. v American Home Assur. Corp.,* 84 NY2d 927; *Schuman v Hertz Corp.,* 17 NY2d 604; *Brill v City of New York,* 2 NY3d 648.) II. Plaintiffs-appellants in any event failed to comply with CPLR 205 by failing to file and serve their refiled complaints within six months after dismissal of the prior actions. (*Pyne v 20 E. 35 Owners Corp.,* 267 AD2d 168; *Silber v Stein,* 287 AD2d 494.)

*Hodgson Russ LLP,* Buffalo (*Jason E. Markel* of counsel), for

Jamestown Public Schools, respondent. I. Plaintiffs' actions are barred by the statute of limitations. (*Poulos v U-Haul Intl.,* 303 AD2d 480; *Matter of Seekings v Jamestown Pub. School Sys.,* 224 AD2d 942; *Schmidt v Merchants Despatch Transp. Co.,* 270 NY 287, 271 NY 531; *Snyder v Town Insulation,* 81 NY2d 429.) II. CPLR 205 (a) does not permit plaintiffs to refile their previously dismissed actions because they were dismissed for neglect to prosecute. (*Carven Assoc. v American Home Assur. Corp.,* 84 NY2d 927; *MacIntosh v Bronzo,* 302 AD2d 434; *Williams v Jian Chu Yu,* 207 AD2d 442; *Alaimo v Velco Enters.,* 234 AD2d 325; *Ivory v Ekstrom,* 98 AD2d 763; *Kelly v Rosenthal,* 176 AD2d 283, 79 NY2d 751; *Scharlack v Richmond Mem. Hosp.,* 144 AD2d 354; *O'Connell v Pizza Time of N.Y.,* 176 AD2d 1233, 79 NY2d 752; *Flans v Federal Ins. Co.,* 43 NY2d 881; *Keel v Parke, Davis & Co.,* 72 AD2d 546, 50 NY2d 833.) III. CPLR 205 (a) does not permit plaintiffs to refile their previously dismissed actions because plaintiffs' actions are barred by res judicata which constituted dismissals on the merits. (*Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.,* 93 NY2d 375; *Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737; *Jones v Maphey,* 50 NY2d 971; *Cummings v St. Joseph's Hosp. Health Ctr.,* 130 AD2d 957; *Colon v New York City Health & Hosps. Corp.,* 166 AD2d 291; *Barber v Pfeiffer,* 261 AD2d 495; *Corsini v U-Haul Intl.,* 234 AD2d 107, 90 NY2d 978; *Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737; *Barrett v Kasco Constr. Co.,* 56 NY2d 830; *Kalkan v Nyack Hosp.,* 227 AD3d 382, 88 NY2d 814.) IV. Plaintiffs failed to meet their burden to establish compliance with CPLR 205 (a). (*Massie v Crawford,* 78 NY2d 516; *Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y.,* 75 NY2d 997; *Siler v Lutheran Social Servs. of Metro. N.Y.,* 10 AD3d 646; *Park Assoc. v Crescent Park Assoc.,* 159 AD2d 460; *Sweet v Austin,* 226 AD2d 942, 88 NY2d 811; *Steo v Cucuzza,* 213 AD2d 624; *Duran v Mendez,* 277 AD2d 348; *Savarese v Shatz,* 273 AD2d 219; *Merriman v Sherwood,* 204 AD2d 998; *Doyon v Bascom,* 38 AD2d 645.) V. Special Term abused its discretion in sua sponte permitting plaintiffs an opportunity to make prima facie submissions in an effort to comply with the disclosure orders in the prior *Andrea* actions. VI. Plaintiffs failed to establish a prima facie case in admissible form. (*Walker v Town of Lockport,* 109 AD2d 1102, 65 NY2d 840; *Jones v First Fed. Sav. & Loan Assn. of Rochester,* 101 AD2d 1005; *Matter of Levenson,* 289 AD2d 577; *Yepez v Damico,* 239 AD2d 412; *Perez v New York City Hous. Auth.,* 182 AD2d 416; *Stokes v McKeithan,* 172 AD2d 1077; *Matter of Kharrubi v*

*Board of Educ. of City of N.Y.*, 133 AD2d 457; *Charlotte Lake Riv. Assoc. v American Ins. Co.*, 130 AD2d 947, 70 NY2d 605; *Oversby v Linde Div. of Union Carbide Corp.*, 121 AD2d 373; *Nitto v Kalisiak*, 107 AD2d 1066.)

**OPINION OF THE COURT**

R.S. Smith, J.

We hold that dismissal of an action for failure to comply with discovery orders is a dismissal "for neglect to prosecute the action" within the meaning of CPLR 205 (a). Therefore, these actions, filed after the dismissal of previous actions by the same plaintiffs, are not saved by CPLR 205 (a) from the bar of the statute of limitations.

Facts and Procedural History

The Jefferson Middle School in Jamestown was renovated in 1992. In 1994 and 1995, more than 60 plaintiffs brought four lawsuits against more than 20 defendants, alleging that employees and students at the school had been injured by toxic substances released in the course of the renovation.

The first of several scheduling orders in these cases was entered in July 1995. By 1996, plaintiffs were in default in responding to several of defendants' discovery demands. Supreme Court then imposed more deadlines for discovery, but the deadlines were not met, and defendants moved to dismiss. In a December 1998 opinion, Supreme Court wrote that "plaintiffs' counsel have demonstrated such a disregard for the case management order and scheduling order that one would not believe such orders existed," but nevertheless denied the motion, reluctant to penalize "innocent plaintiffs who may have [a] meritorious case" for their counsel's conduct. Instead, Supreme Court ordered a hearing on monetary sanctions and imposed a new set of deadlines which, though extended, were again not met. Defendants again moved to dismiss.

In a July 1999 opinion, Supreme Court found "that the actions of plaintiffs' counsel have been frivolous . . . in that they have been undertaken primarily to delay or prolong resolution of this litigation." Supreme Court said that "dismissal of the actions would not be unfounded," but it gave plaintiffs one more chance, permitting them to avoid dismissal if they paid attorneys' fees to defendants and complied with yet another set of deadlines. The attorneys' fees were paid but the deadlines were not met, and on May 19, 2000 Supreme Court dismissed the ac-

tions. Plaintiffs appealed, and the Appellate Division affirmed the dismissal on June 8, 2001 (*Andrea v du Pont De Nemours & Co.*, 284 AD2d 921 [4th Dept 2001]).

Meanwhile, on December 19, 2000, 34 of the same plaintiffs brought the present two actions, based on the same events as the four earlier ones, against 13 of the same defendants. Two defendants moved to dismiss the new actions on the ground that they were barred by the statute of limitations. Supreme Court denied the motions, relying on CPLR 205 (a), which permits actions brought after dismissal of a prior action to have, under certain circumstances, the benefit of the earlier filing date. Supreme Court rejected the argument that CPLR 205 (a) was inapplicable because the previous actions were dismissed for neglect to prosecute; Supreme Court said that "it was never this Court's intention to dismiss the prior actions for failure to prosecute." Later, the remaining defendants moved to dismiss, and Supreme Court denied their motions also.

The Appellate Division reversed in two separate decisions, from the first of which two Justices dissented, and ordered that these actions be dismissed. Plaintiffs appeal to this Court, and we now affirm.

## Discussion

These actions, begun some eight years after the events on which they are based, are obviously time-barred unless they are rescued by CPLR 205 (a), which provides:

"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, *a dismissal of the complaint for neglect to prosecute the action*, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period." (Emphasis added.)

For purposes of this statute, "termination" of the prior action occurs when appeals as of right are exhausted (*Lehman Bros. v*

*Hughes Hubbard & Reed*, 92 NY2d 1014, 1016-1017 [1998]). Here, termination occurred on June 8, 2001, when the Appellate Division affirmed the dismissal of the prior actions, and thus if CPLR 205 (a) applies the commencement of these actions in December 2000 was not too late. Because the prior actions were, however, dismissed "for neglect to prosecute," CPLR 205 (a) is inapplicable.

Our decisions make clear that the "neglect to prosecute" exception in CPLR 205 (a) applies not only where the dismissal of the prior action is for "[w]ant of prosecution" pursuant to CPLR 3216, but whenever neglect to prosecute is in fact the basis for dismissal (*see Carven Assoc. v American Home Assur. Corp.*, 84 NY2d 927 [1994]; *Laffey v City of New York*, 52 NY2d 796 [1980]; *Keel v Parke, Davis & Co.*, 50 NY2d 833 [1980]; *Flans v Federal Ins. Co.*, 43 NY2d 881 [1978]). In *Carven,* as in this case, the prior action "had been dismissed for [plaintiffs'] willful and repeated refusal to obey court-ordered disclosure" (84 NY2d at 930). We held that dismissal to be within the "neglect to prosecute" exception.

Plaintiffs stress that our memorandum in *Carven* referred to "the singular circumstances presented by this appeal" (*id.*). They say that the more relevant precedent is *Schuman v Hertz Corp.* (17 NY2d 604 [1966]), in which we reversed an Appellate Division decision dismissing a second action as time-barred. We based our decision in *Schuman* on the ground that "the dismissal of the original suit was not intended by the Justice presiding to be a dismissal for neglect to prosecute" (*id.* at 605). Plaintiffs claim that here, as in *Schuman,* the statement by Supreme Court that it did not intend to dismiss the action for neglect to prosecute should be dispositive.

However, *Schuman,* even more than *Carven,* turned on its unique facts. The dismissal of the prior action in *Schuman* came after a complicated, and apparently unrecorded, series of discussions with the justice presiding in a Supreme Court trial part and his law secretary. The trial judge dismissed the case when "plaintiffs' counsel stated he was not ready to comply with the court's direction to pick a jury," but the judge also allegedly said that the dismissal "would not be the end of the lawsuit" because plaintiff could rely on the predecessor statute to CPLR 205 (a). In a situation where the true basis of the dismissal was less than clear, we held it proper to defer to the holding of the Supreme Court Justice "that the original [complaint] had not been dismissed for neglect to prosecute" (17 NY2d at 605-606).

But where, as here, the record does make clear the basis for the prior dismissal, the question of whether it was a dismissal for neglect to prosecute is a question of law on which we need not defer to Supreme Court's judgment.

"Neglect to prosecute" is a correct description of the basis for the dismissal of these plaintiffs' prior actions. A series of discovery defaults beginning in 1996 and never fully cured finally led a patient Supreme Court Justice, who had done his best to protect plaintiffs from the consequences of their counsel's inaction, to dismiss the cases in 2000. Supreme Court's dismissal order refers to plaintiffs' "failure . . . to comply with discovery deadlines," their "delays," their "disregard for the case management order and scheduling order," their lack of diligence, their "inactions" and their "ongoing laxity."

Where a case is dismissed for reasons like this, it is not acceptable to permit plaintiffs to start all over again, after the statute of limitations has expired. To countenance that result would be to convert the dismissal itself into just one more opportunity to try again—and plaintiffs have already had at least as many opportunities to try again as they could reasonably expect. The plain purpose of excluding actions dismissed for neglect to prosecute from those that can be, in substance, revived by a new filing under CPLR 205 (a) was to assure that a dismissal for neglect to prosecute would be a serious sanction, not just a bump in the road.

Supreme Court was of course correct in thinking it undesirable to punish plaintiffs for the failures of their counsel. But what is undesirable is sometimes also necessary, and it is often necessary, as it is here, to hold parties responsible for their lawyers' failure to meet deadlines. Litigation cannot be conducted efficiently if deadlines are not taken seriously, and we make clear again, as we have several times before, that disregard of deadlines should not and will not be tolerated (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648 [2004]; Kihl v Pfeffer, 94 NY2d 118 [1999]).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed, with costs.