VERA EASTON, Appellant, v ASSOCIATES LEASING, INC., et al., Respondents. [805 NYS2d 333]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 24, 2004, which granted defendants' motion for summary judgment dismissing the complaint based upon the court's prior order precluding plaintiff from presenting evidence relating to a medical condition, and denied plaintiff's cross motion to vacate/reargue the prior order as untimely, unanimously reversed, on the law, the facts and in the exercise

of discretion, without costs, the motion denied and the cross motion granted on condition that, within 60 days of the service of this order with notice of entry, plaintiff submit to the requested electrodiagnostic testing by defendants' physician.

Plaintiff commenced this action for personal injuries allegedly sustained in an automobile accident on August 28, 2000. On October 23, 2002, plaintiff was examined by defendants' physician, Dr. Robert Goldberg. However, she refused to undergo certain electrodiagnostic testing requested by Dr. Goldberg. After some negotiations with plaintiff's counsel, plaintiff again appeared at Dr. Goldberg's office on June 4, 2003 for the purpose of electrodiagnostic testing. At that time, plaintiff advised Dr. Goldberg that such testing had previously caused her to have a "heart attack" and that her primary care physician advised against it. Dr. Goldberg then called plaintiff's physician, Dr. Smoke, who recommended against performing the test, allegedly because plaintiff would likely exaggerate "symptoms she may claim to be caused by the testing." In view of this discussion, Dr. Goldberg felt it was prudent to follow Dr. Smoke's advice and decided not to do the electrodiagnostic testing.

In June 2003, defendants moved to preclude plaintiff from presenting any evidence relating to her medical condition at trial due to her failure to undergo nerve conduction and electromyography testing. Although plaintiff did not submit papers opposing the motion, her attorney appeared and orally argued against preclusion. Plaintiff's attorney asserted that while plaintiff initially refused the testing, she willingly appeared at Dr. Goldberg's office on June 4, 2003 for such testing, and that it was Dr. Goldberg who made the decision not to perform it. By order entered November 25, 2003, the court granted the motion to preclude "by reason[ ] of plaintiff's failure to undergo certain testing."

In February 2004, defendants moved for summary judgment on the ground that in view of the preclusion order, plaintiff could not establish serious injury as a matter of law (Insurance Law § 5102 [d]). On March 18, 2004, plaintiff opposed the motion and cross-moved to vacate the November 25, 2003 preclusion order pursuant to CPLR 5015 (a) (1), or, alternatively, to reargue it pursuant to CPLR 2221 (d). Defendants opposed the cross motion, arguing that any reargument motion was untimely and that no reasonable excuse was offered to vacate plaintiff's default.

In the order appealed from, entered August 24, 2004, the court stated, "[t]his court's prior order dated March 3, 2004 is here vacated on consent and the motion and cross-motion are

decided on the merits in the following manner . . . [t]he motion [for summary judgment] is granted as the plaintiff has been precluded and upon same can not ma[k]e out a prima facie case . . . [t]he plaintiff's cross-motion is denied as untimely, CPLR 2221 (d) (3)." Based upon these rulings, the court dismissed the complaint. We reverse.

Initially, the court's August 24, 2004 order is inaccurate and self-contradictory on its face. While it purports to vacate a March 3, 2004 order on consent, there was no order in this case on that date. Moreover, defendants certainly did not consent to vacatur of any prior order. In addition, if the court intended to vacate the November 25, 2003 preclusion order, its subsequent summary judgment order could not be based on an already vacated order. Accordingly, given the court's confusing language and the fact that its ultimate ruling was premised on the existence of the preclusion order, we shall assume that the preclusion order of November 25, 2003 remained in effect.

Plaintiff's cross motion is properly seen as one to vacate a default pursuant to CPLR 5015 (a) (1) (*see Brown v Chase*, 3 Misc 3d 129[A], 2004 NY Slip Op 50371[U] [App Term, 2d & 11th Jud Dists 2004]). A party seeking to vacate a default is required to demonstrate both a reasonable excuse for the default and a meritorious cause of action or defense (*Goldman v Cotter*, 10 AD3d 289, 291 [2004]). Here, although plaintiff's counsel failed to submit opposition papers, he did appear in court and orally argued that the preclusion motion should be denied because it was defendant's doctor, not plaintiff, who decided not to do the scheduled exam. Under the circumstances, we find, in the exercise of our discretion, that the failure to file papers was unintentional and should be excused. Moreover, the submissions attached to plaintiff's cross motion detailing her injuries are sufficient to demonstrate the merit of her claims.

Nevertheless, defendants' right to pretrial disclosure concerning plaintiff's alleged injuries (CPLR 3121) mandates that we condition our reversal on plaintiff's submitting to the requested electrodiagnostic testing within 60 days from the date of this order. Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.