OPINION OF THE COURT
Alice Fisher Rubin, J.
*598 Plaintiff commenced this action against the defendant to recover first-party no-fault benefits pursuant to section 5106 (a) of the Insurance Law and Regulations of the New York State Insurance Department (11 NYCRR 65-1.1 et seq.), for medical services rendered.
Defendant moves for an order granting summary judgment in favor of defendant based on plaintiffs attempt to relitigate a claim which was previously dismissed by the court, and imposition of sanctions against plaintiffs counsel for having engaged in frivolous conduct.
Plaintiff opposes the motion on the grounds that the prior action was dismissed due to plaintiffs failure to comply with discovery demands.
The plaintiff commenced this action against the defendant to recover first-party no-fault benefits pursuant to section 5106 (a) of the Insurance Law and the regulations, in the amount of $800 for acupuncture treatment allegedly rendered to the assignor, Cindy Hall, as a result of an automobile accident which occurred on July 27, 2002. Prior to this action, the plaintiff commenced an action against defendant State Farm on behalf of the same assignor, Cindy Hall, for the same services as indicated in this action.
In the prior action, after service of the summons and complaint, issue was joined and discovery demands were made on or about January 30, 2003. On May 10, 2004, the plaintiff served a notice of trial. The defendant moved to strike the notice of trial on the grounds that discovery had not been completed. Thereafter on June 28, 2004, the defendant served a supplemental demand for discovery. On June 29, 2004, the parties appeared before the Honorable Ellen Spodek, and the attorneys entered into a stipulation which marked the case off the trial calendar, and required plaintiff to provide all discovery on or before July 29, 2004. Due to plaintiffs failure to comply with the discovery demands as stipulated to, the defendant moved for an order to dismiss plaintiffs complaint for failure to comply. On May 10, 2005, the parties appeared before the Honorable Robin Garson. After oral argument on the motion, the court granted defendant’s order to show cause, and dismissed the action due to plaintiffs failure to comply with the stipulation requiring plaintiff to comply with all outstanding discovery.
Thereafter, the plaintiff commenced the action which is the subject of defendant’s motion to dismiss, pursuant to CPLR 3212. Defendant argues that the plaintiff is attempting to reliti *599 gate the same bills which were the subject of the previous lawsuit. Defendant further argues that the bills in question do not involve different dates of service than the previous bills submitted under the prior action, and therefore plaintiff is estopped from relitigating the bills in issue due to the dismissal of plaintiffs prior action.
In opposition to defendant’s motion to dismiss, the plaintiff argues that pursuant to CPLR 205, the plaintiff can recommence the action within six months after termination. Plaintiff argues that Judge Garson’s dismissal of the prior case limited her holding to the discovery stipulation only.
After careful consideration of the moving papers, supporting documents and opposition thereto, the court finds as follows:
The plaintiff timely commenced the instant action against the defendant seeking the same relief that it sought in the prior action.
“CPLR 205. Termination of action” states as follows:
“(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.”
However, this court disagrees with plaintiffs argument that it is not precluded from commencing a new action under a new index number. The complaint was dismissed after oral argument of defendant’s motion to dismiss, on the grounds that the plaintiff failed to comply with discovery demands as per a stipulation signed by both attorneys. Plaintiffs attempt to now argue that the discovery demands were unduly cumbersome and burdensome, and therefore plaintiff was unable to comply with said demands is too late. The arguments, as conceded to by plaintiff should have been made before the judge hearing oral argument on the motion to dismiss. Furthermore, plaintiff could *600 have moved to reargue the motion and/or appeal the court’s decision.
In Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. (Habiterra Assoc.) (5 NY3d 514, 520 [2005]), the Court of Appeals held that the “neglect to prosecute” exception in CPLR 205 (a) applies not only where the dismissal of the prior action is for “[w]ant of prosecution pursuant to CPLR 3216, but whenever neglect to prosecute is in fact the basis for dismissal” (internal quotation marks omitted). The plaintiff failed to comply with discovery demands, and after repeated demands for the outstanding discovery, as well as failure to comply with a stipulation, defendant moved to dismiss the complaint, which was granted by the court.
The purpose of excluding actions dismissed for neglect to prosecute from those that can be, in substance, revived by a new filing under CPLR 205 (a) was to assure that a dismissal for neglect to prosecute would be a serious sanction, not just a bump in the road. (See, Andrea v Arnone, Hedin, Casker, Kennedy & Drake, supra; Corven Assoc. v American Home Assur. Corp., 84 NY2d 927 [1994]; Flans v Federal Ins. Co., 43 NY2d 881 [1978].)
Accordingly, defendant’s motion to dismiss is hereby granted; the complaint is dismissed in its entirety, without an imposition of sanctions.