OPINION OF THE COURT
Edward H. Lehner, J.
The central issue presented here relates to the effect of the 2008 amendment to CPLR 205 (a) on plaintiffs claim that he is entitled to the benefit of the six-month extension provided therein.
Before me are motions by (i) defendants City of New York, New York City Department of Homeless Services, and Volunteers of America-Greater New York, Inc., and (ii) defendant FJC Security Services, Inc. to dismiss the complaint pursuant to CPLR 3211 (a) (5) based on the statute of limitations.
A prior action alleging the same claim as asserted herein had been commenced in this court under index No. 107715/2006. The claim alleged was that on August 17, 2005 plaintiff was a resident of a homeless shelter and was shot by defendant Marcus Serrano, and that movants are liable for the failure to provide proper security and were negligent in the hiring and training of personnel employed at the shelter.
The prior action was dismissed by me pursuant to orders dated September 23, 2008 issued on plaintiffs default in failing to oppose motions wherein dismissal was sought based on his alleged failure to comply with discovery orders. A motion by plaintiff to vacate that default was denied by me by order dated December 12, 2008 due to the failure of any party to appear for oral argument.
Rather than again move to vacate his default, plaintiff commenced the instant action in December 2008. While defendants maintain that this suit is time-barred by reason of having been commenced more than three years after the shooting, plaintiff asserts that the action is saved by the six-month extension provided in CPLR 205 (a). Said section, which presently reads as follows, had been amended effective July 7, 2008 to add the last sentence:
“New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, *908 or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.”
Defendants assert that the dismissal of the prior action, although not pursuant to CPLR 3216, should be deemed as one for neglect to prosecute and hence plaintiff is not entitled to the six-month extension. In support, they cite the Court of Appeals decision in Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. (Habiterra Assoc.) (5 NY3d 514, 518 [2005]), where it was held under the facts of that case that “[a] dismissal of an action for failure to comply with discovery orders is a dismissal ‘for neglect to prosecute the action’ within the meaning of CPLR 205 (a).” In opposition, plaintiff contends that in order to be deprived of the extension, the prior order of dismissal would have to have set forth the conduct constituting a general pattern of delay, as required by the amendment.
In observing the procedure adopted by plaintiff it is to be noted that if, in lieu of instituting a new action, he had made a second application to vacate the September 23 default, he would have been required to demonstrate the usual requirements of excusable neglect and the existence of a meritorious claim. (E.g. Easton v Associates Leasing, Inc., 24 AD3d 141 [1st Dept 2005]; Theatre Row Phase II Assoc. v H&I, Inc., 27 AD3d 216 [1st Dept 2006].) Thus, if plaintiff by the institution of this new action obtains the six-month extension of section 205 (a), he will have avoided the burden of making the foregoing two-pronged demonstration.
The issue presented to the Court of Appeals in the Andrea case was whether a “series of discovery defaults [that were] never fully cured” (5 NY3d at 521) should be deemed a “neglect to prosecute,” and thus result in a denial of the benefits of the six-month extension of section 205 (a). The court ruled that its *909 prior “decisions make clear that the ‘neglect to prosecute’ exception in CPLR 205 (a) applies not only where the dismissal of the prior action is for ‘[w]ant of prosecution’ pursuant to CPLR 3216, but whenever neglect to prosecute is in fact the basis for dismissal” (5 NY3d at 520). It then concluded that when
“a case is dismissed for reasons like this, it is not acceptable to permit plaintiffs to start all over again, after the statute of limitations has expired. To countenance that result would be to convert the dismissal itself into just one more opportunity to try again . . . [and the] plain purpose of excluding actions dismissed for neglect to prosecute from those that can be, in substance, revived by a new filing under CPLR 205 (a) was to assure that a dismissal for neglect to prosecute would be a serious sanction, not just a bump in the road” (id. at 521).
Subsequent cases have indicated that whether delinquent conduct by a party warrants a conclusion that dismissal was for neglect to prosecute depends on the facts of the case. (E.g. Daluise v Sottile, 40 AD3d 801, 804 [2d Dept 2007]; Snodgrass v Professional Radiology, 50 AD3d 883, 885 [2d Dept 2008].)
Here I dismissed the initial action without making any finding of a pattern of delay. However, I believe that a judge hearing the second action can review the record of the initial action to determine such issue when no adjudication thereon was made in that action. From an examination of the papers submitted on these motions, it does not appear that plaintiffs defaults were wilful or in bad faith and rose to the level of conduct that warrants the type of sanction imposed in Andrea. Hence, defendants’ application that the court should find that the dismissal in September 2008 was for lack of prosecution, and that thus the action is time-barred, is denied.
Critics of the amendment have questioned why it was added to section 205 (a), rather than section 3216, which details the statutory means of obtaining a dismissal for want of prosecution. (See Siegel, Amendment Bars “Neglect to Prosecute” Dismissal, NYLJ, Sept. 15, 2008, at 4, col 4; Mem in Opposition of NY State Bar Assn Comm on Civil Practice Law and Rules, July 1, 2008, Bill Jacket, L 2008, ch 156, at 12.) The reason would appear to be that by the inclusion of the word “otherwise” in the amendment, the legislature intended the requisite finding of delay be made not only in cases of dismissals under section 3216, but also in all cases where want of prosecution is the basis for the prior dismissal. Such situations would thus include *910 dismissals (i) for failure to provide discovery, as in Andrea; (ii) for failure to appear for trial, as in Macaluso v Statfeld (295 AD2d 147 [1st Dept 2002]) and Morris v Start (268 AD2d 787 [3d Dept 2000]); and (iii) under CPLR 3404, which specifically states that a failure to restore a case to the calendar within a year after being marked “off’ is a “neglect to prosecute” (see Pomerantz v Cave, 10 AD2d 569 [1st Dept 1960]; Siegel, NY Prac § 376, at 631 [4th ed]).
While it may in future cases be argued that by inserting the amendment in section 205 (a) it was the intent of the legislature to limit the requirement for a finding of a general pattern of delay to situations where a plaintiff was seeking to obtain the benefit of the six-month extension, and not to invalidate all dismissals not containing the finding, that is certainly not clear from the sponsoring memorandum submitted in support of the bill (2008 NY Assembly Bill A750, codified as L 2008, ch 156) containing the proposed amendment to section 205 (a), where Assemblyman Keith Wright stated the following:
“PURPOSE OR GENERAL IDEA OF BILL:
“Establishes a requirement that when a dismissal is one for neglect to prosecute an action the judge must set forth on the record the specific conduct constituting the neglect. The conduct specified must demonstrate a general pattern of delay in proceeding with the action before a neglect to prosecute dismissal is warranted . . .
“JUSTIFICATION:
“This bill sets forth a resolution to a persistent problem within our courts regarding dismissal for neglect to prosecute the action.
“The intent of CPLR § 205 (a) has been misconstrued allowing for many cases to be dismissed on the basis of neglect to prosecute. The law is presently unclear with respect to what specifically constitutes a neglect to prosecute particularly where it falls outside Rule 3216.
“Amending CPLR § 205 (a) to provide uniformity would reestablish the original legislative intent of this chapter.” (Sponsor’s Mem, 2008 McKinney’s Session Laws of NY, at 1832.)
An identical memorandum was submitted by Senator Dale Volker in support of the Senate bill (S2677).
In any event, it would seem that any defendant concerned about a plaintiff obtaining the benefit of a section 205 (a) exten *911 sion after a dismissal on any grounds that could be deemed to be a neglect of prosecution would be wise to request at the time of dismissal that the court issue an adjudication on the issue of general delay.
While it has been suggested that the adoption of the amendment was an attempt to legislatively overrule the 2005 Court of Appeals decision in Andrea, that would not appear to be the specific intention of the Assembly sponsor as he had introduced a similar bill in each session of the legislature since 1993. It is noted that, notwithstanding the opposition of the aforesaid State Bar Association committee, the amendment passed with nary a negative vote in either chamber of the legislature.
Although judgments on default can have res judicata effect (see Lazides v P & G Enters., 58 AD3d 607 [2d Dept 2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688 [2d Dept 2006]; Robbins v Growney, 229 AD2d 356 [1st Dept 1996]), as can an order of preclusion (see Strange v Montefiore Hosp. & Med. Ctr., 59 NY2d 737, 739 [1983]), defendants have not raised that issue herein (tr at 12-13). In any event, it has been held that
“[w]here a plaintiffs noncompliance with a disclosure order does not result in a dismissal with prejudice, or an order of preclusion or summary judgment in favor of defendant so as to effectively close plaintiffs proof, dismissal resulting from the noncompliance is not a merits determination so as to bar commencement of a second action” (Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615-616 [1985]; see also Daluise v Sottile at 802; Downtown Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 137[A], 2008 NY Slip Op 51552[U] [App Term, 2d & 11th Jud Dists 2008]).
In conclusion, since I have found that my dismissal of the initial action cannot be said to have been based on a lack of prosecution, the motions of defendants to dismiss are denied.