| |
|---|
| **Guzman v Park Levy LLC** |
| 2020 NY Slip Op 35566(U) |
| July 30, 2020 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 34626/2019 |
| Judge: Laura G. Douglas |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK     Index No. 34626/2019
COUNTY OF BRONX
PART 6

OSCAR GUZMAN,

                     Plaintiff,             **DECISION/ORDER**

        -against-                  **Present:**
                                        **Hon. Laura G. Douglas**
PARK LEVY LLC, THE APPLE LAUNDROMAT CORP.,     **J.S.C.**
IGLESIA PENTECOSTAL REHOBOTH, ULTIMATE
CONSTRUCTION NY, INC., WEST LEVY, LLC, JAVIER PONTE,
JAVED GONDAL, Individually and doing business as
ULTIMATE CONSTRUCTION, and ULTIMATE CONSTRUCTION,
Individually,

                     Defendants.

        Recitation, as required by Rule 2219(a) of the C.P.L.R., of the papers considered in the review of these motions and cross-motions (Seq. No. 1 and Seq. No. 2) to dismiss or for summary judgment:

| **Papers** | **Numbered** |
| --- | --- |
| Notice of Motion by Defendant Park Levy LLC, Affirmation of Eric R. Horvitz, Esq. dated December 26, 2019 in Support of Motion, and Exhibits ("A" through "M")……………………………………................. | 1 |
| Memorandum of Law by Eric R. Horvitz, Esq. dated December 26, 2019………..... | 2 |
| Notice of Cross-Motion by Defendant Iglesia Pentecostal Rehoboth, Affirmation of James M. Brown, Esq. dated December 30, 2019, and Exhibits ("A" through "P")…………………………………………….… | 3 |
| Affirmation of Barry Liebman, Esq. dated February 26, 2020 in Opposition to Motion and Exhibits ("    )…………………………………………….… | 4 |
| Reply Affirmation of Lawrence S. Wasserman, Esq. dated June 15, 2020 and Exhibit ("A")…………………………………………………………….… | 5 |
| Reply Affirmation of James M. Brown, Esq. dated March 26, 2020……………….. | 6 |

Notice of Motion by Defendant West Levy, LLC, Affirmation of Zena
Goldszer, Esq. dated January 2, 2020 in Support of Motion, and

Exhibits ("A" through "E")...................................................................... 7

Notice of Cross-Motion by Defendant Javier Ponte and Verified Answer
dated January 9, 2020.............................................................................. 8

Affirmation of Barry Liebman, Esq. dated February 26, 2020 in Opposition
to Motions and Exhibits ("A" through )..................................................... 9

Affirmation of Barry Liebman, Esq. dated February 28, 2020 in Opposition
to Cross-Motions and Exhibits ("A" through )............................................ 10

Reply Affirmation of Zena Goldszer, Esq. dated March 12, 2020..................... 11

Reply Affirmation of Joseph A. Altman, Esq. dated March 30, 2020 and
Exhibits ("A" )....................................................................................... 12

*These motions and cross-motions are consolidated for purposes of Decision/Order and, upon the foregoing papers and after due deliberation, the Decision/Order on these motions and cross-motions is as follows:*

Defendants Park Levy LLC, Iglesia Pentecostal Rehoboth, West Levy LLC, and Javier Ponte (collectively, "defendants") move separately for the same relief – dismissal of the plaintiff's complaint on the grounds that it is barred by the applicable statute of limitations. The motions and cross-motions are denied.

The facts pertinent to a resolution of these motions are undisputed. The plaintiff commenced an action in 2015 in this Court seeking monetary damages for personal injuries purportedly sustained on May 9, 2014 following a slip/trip and fall on broken glass and/or debris located at the rear entrance of the premises for which the various defendants allegedly bore some responsibility. By Order dated June 26, 2019, this Court granted the defendants' motions to dismiss without opposition and dismissed the plaintiff's complaint in an Order that reads as follows:

"The motions to dismiss filed by Park Levy LLC, Iglesia Pentecostal Rehoboth, Javier Gondal, Ultimate Construction, & West Levy LLC are granted without opposition. Plaintiff's complaint is dismissed.

Plaintiff's request for an adjournment is denied."

As recited in the Order, the plaintiff did not submit papers opposing the dismissal motions. A copy of that Order with notice of entry was filed and served on June 28, 2019. On December 11, 2019, the plaintiff commenced a new action for the same claims by filing a summons and complaint.

[* 2]

The instant motions seeking dismissal on statute of limitations grounds are timely, since they were brought prior to the expiration of the defendants' deadline to respond to the new complaint (see CPLR Rule 3211(e)). The statutory deadline to commence this action was May 9, 2017 (see CPLR § 214(5)). Therefore, the defendants have satisfied their initial burden of proving that the time in which to sue has expired (see Bereger v. Stolzenberg, 158 AD3d 738 [2nd Dept 2018]). The plaintiff then bears the burden of raising a question of fact regarding the applicability of an exception, a tolling period, or a miscalculation of the statutory deadline. The plaintiff does not dispute that this action, on its face, was not filed in time, but contends that the tolling provision of CPLR § 205(a) applies here and renders the action timely filed.

In pertinent part, CPLR § 205(a) does not extend its six-month tolling period for the commencement of a new action to cases where the previous action was terminated by way of dismissal of the complaint for neglect to prosecute the action. In this sense, neglect to prosecute includes a failure to diligently complete disclosure (see Andrea v. Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, 5 NY3d 514 [Ct App 2005]). However, the statute requires the judge issuing the ineligible dismissals to "set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation". The defendants do not argue that the newly filed action violated the extension period provided by the statute.

The plaintiff contends that this dismissal was not granted upon a review of the merits of the defendants' motion seeking penalties for disclosure violations, since the dismissal order was granted without opposition. In addition, the plaintiff argues that the dismissal did not set forth the specific conduct constituting neglect or a general pattern of delay by the plaintiff.

The defendants contend that the plaintiff cannot benefit from the tolling provision of CPLR § 205(a), since the underlying order granted dismissal upon motions seeking relief for violations of disclosure obligations pursuant to CPLR 3126. It is undisputed that the plaintiff failed to submit to a deposition despite several court orders directing him to do so.

Here, the Court cannot conclude that the dismissal set forth specific conduct showing that the plaintiff was guilty of a pattern of delay in proceeding with the litigation (see Regis-Dumeus v. Great Lakes Kraut Company, LLC, 2020 WL 2630551 [WD NY, May 26, 2020, No. 19-CV-6352L, Larimer, J.], Pecker Iron Works, LLC v. Beys Specialty, Inc., 2016 NY Slip Op 32286[U] [Sup Ct NY County 2016], and Stora v. City of New York, 24 Misc3d 906 [Sup Ct NY County 2009]. For these reasons, the

plaintiff can avail himself of the tolling provision set forth in CPLR § 205(a) and the motions and cross-motions are denied.

The foregoing constitutes the Decision/Order of this Court.


DATED:      July 30   , 2020
            Bronx, New York                        _____
                                                   HON. LAURA G. DOUGLAS
                                                          J.S.C.

[* 4]