*Anderson & Anderson LLP-Guangzhou et al. v. North Am. Foreign Trading Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

ANDERSON & ANDERSON LLP-GUANGZHOU,
GUANGDONG HUATU LAW FIRM, BEIJING KAIMING
LAW OFFICES,

>           *Plaintiffs-Appellants*,

>           v.                                                    20-1322

NORTH AMERICAN FOREIGN TRADING
CORPORATION,

>           *Defendant-Appellee*.


ESTATE OF EDITH LOWINGER,

>           *Defendant*.

_____

For Plaintiffs-Appellants:    ALEXANDER M. JANOSO (David C. Buxbaum, *on the brief*), Anderson & Anderson LLP, New York, NY.

For Defendant-Appellee:    NIALL D. Ó MURCHADHA (Richard H. Dolan, *on the brief*), Schlam Stone & Dolan LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Anderson & Anderson LLP-Guangzhou ("Anderson Guangzhou"), Guangdong Huatu Law Firm, and Beijing Kaiming Law Offices (collectively, "Plaintiffs-Appellants"), appeal from a decision of the United States District Court for the Southern District of New York (Abrams, *J.*) entered on March 18, 2020 dismissing their claims against Defendant-Appellee North American Foreign Trading Corporation ("NAFT"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss, including its interpretation and application of a statute of limitations. *City of Pontiac Gen. Emp.'s Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). "When sitting in diversity jurisdiction and determining New York state law claims, we must apply the law of New York as interpreted by the New York Court of Appeals." *Deutsche Bank Nat. Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015) (internal quotation marks omitted).

Because contract actions in New York are subject to a six-year statute of limitations, N.Y. C.P.L.R. § 213(2), Plaintiffs-Appellants acknowledge that their action, which pertains to a breach which allegedly took place in October 2010, is timely only if it falls under the New York Savings Statute. N.Y. C.P.L.R. § 205(a). The Savings Statute provides, in relevant part, as follows:

2

> If an action is timely commenced and is terminated in any other manner than by . . . a dismissal of the complaint for neglect to prosecute the action . . . the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.

*Id*. As the text of C.P.L.R. § 205(a) makes plain, an action that has previously been dismissed for neglect to prosecute cannot benefit from the safe harbor provided for otherwise-untimely actions. *See Doyle v. Am. Home Prods. Corp.*, 583 F.3d 167, 171 (2d Cir. 2009) ("The New York courts have affirmed this point again and again: '[t]he very function of [CPLR 205(a)] is to provide a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant's willingness to prosecute in a timely fashion nor to the merits of the underlying claim.'" (quoting *George v. Mount Sinai Hosp.*, 47 N.Y.2d 170, 178-79 (1979))). And New York case law is clear that dismissal for failure to comply with discovery orders constitutes dismissal "for neglect to prosecute the action" within the meaning of C.P.L.R. § 205(a). *See Andrea v. Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C.*, 5 N.Y. 3d 514, 518 (2005); *see also, e.g.*, *Carven Assoc. v. American Home Assur. Corp.*, 84 N.Y.2d 927 (1994) (where the prior action "had been dismissed for [plaintiffs'] willful and repeated refusal to obey court-ordered disclosure," holding that "plaintiffs were not entitled to reinstitute their action against defendant" under C.P.L.R. § 205(a)); *Ivory v. Ekstrom*, 98 A.D. 2d 763, 764 (2d Dept. 1983) (holding that plaintiff's action fell outside of § 205(a)'s safe harbor because it was "not dismissed because of some fatal flaw or defect in the commencement [of the action]. Rather, the action was properly instituted and continued for a period of about five years

until it was dismissed as a result of plaintiff's default in fully complying with court-ordered disclosure").

Here, Plaintiffs-Appellants' prior state court action was clearly dismissed for neglect to prosecute. The state court provided Plaintiffs-Appellants with ample opportunity to prosecute their action over more than six years. The state court extended its discovery deadlines on several occasions, as well as allowed Plaintiffs-Appellants to substitute new counsel after their attorneys moved to withdraw for reasons related to the Plaintiffs-Appellants' own failure to communicate. The state court also admonished the Plaintiffs-Appellants that their action would be dismissed unless they complied with the court's discovery orders and deadlines, reading its conditional order into the record at a May 23, 2017 hearing. Plaintiffs-Appellants did not do so, and NAFT moved to enforce the order. In September 2017, when the state court struck the Plaintiffs-Appellants' complaint, the court noted that Plaintiffs-Appellants had not completed "an ounce of discovery" in years. App'x 294. The court further explained that Plaintiffs-Appellants "ha[d] failed to offer a reasonable excuse for [their] failure to comply with [its] June 5, 2017 conditional order," and that Plaintiffs-Appellants had both "continually shown this Court disrespect for its rulings and a blatant disregard of its orders" and "failed to litigate their case." App'x 151, 299-300; *see also Anderson & Anderson LLP-Guangzhou v. North Am. Foreign Trading Corp.*, 2017 WL 11367694 (N.Y. Sup. Ct. Nov. 29, 2017).

The Appellate Division affirmed the state court's decision to dismiss the Plaintiffs-Appellants' action. The Appellate Division noted that Plaintiffs-Appellants had "failed to comply with the court's October 19 and December 13, 2016 status conference orders or to respond substantively to defendant's request to meet and confer." *Anderson & Anderson LLP-Guangzhou v. North Am. Foreign Trading Corp.*, 165 A.D. 3d 511, 512 (1st Dept. 2018). The court also found

4

that Plaintiffs-Appellants had "fail[ed] to comply with defendant's later requests or the court's later discovery orders." *Id.*

These findings leave no doubt that the state court dismissed the Plaintiffs-Appellants' prior action for neglect to prosecute. *Andrea*, 5 N.Y. 3d at 521 (finding "neglect to prosecute" where the dismissal order "refer[red] to plaintiffs' 'failure . . . to comply with discovery deadlines,' their 'delays,' their 'disregard for the case management order and scheduling order,' their lack of diligence, their 'inactions' and their 'ongoing laxity'"). Accordingly, Plaintiffs-Appellants' claims fall outside of the scope of C.P.L.R. § 205(a) and are time-barred.

\*　　\*　　\*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5