■ IRENE G. JELINEK, Appellant, v. CITY OF NEW YORK et al., Respondents.— Order entered June 10, 1965, denying a motion to strike certain affirmative defenses and granting the cross motion by certain defendants for summary judgment dismissing the complaint, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of dismissing the complaint against defendant-respondent the City of New York, and, as so modified, affirmed, with $30 costs and disbursements to defendants-respondents. The complaint in the prior action was dismissed on March 29, 1963 for plaintiff's refusal to pick a jury at Trial Term. Plaintiff's motion to vacate the dismissal was denied by order entered October 8, 1963 and affirmed June 9, 1964 (21 A D 2d 856). The instant action grounded on the same cause of action was commenced November 5, 1964. This action is timely if commenced "within six months after the termination" of the prior action if it was "terminated in any other manner than * * * a dismissal of the complaint for neglect to prosecute the action". (CPLR 205.) The refusal to pick a jury constituted "neglect to prosecute" within the meaning of CPLR 205. (*Haber* v. *Telson*, 4 A D 2d 677, affd. 4 N Y 2d 687; *Schuman* v. *Hertz Corp.*, 23 A D 2d 646; *Wright* v. *Defelice & Son*, 22 A D 2d 962; *Hymowitz* v. *Soprinsky*, 24 A D 2d 750.) Moreover, the dismissal of March 29, 1963 terminated the prior action (*Troiano* v. *Kinney Motors*, 276 App. Div. 869) and this action was not commenced within six months thereafter. (*Haber* v. *Telson, supra*.) Defendant-respondent the City of New York did not cross-move for summary judgment as did the other defendants-respondents. The court may, however, grant such motion if upon a motion for summary judgment it appears that "any party other than the moving party is entitled to a summary judgment". (CPLR 3212, subd. [b]; *De Rosa* v. *Slattery Contr. Co.*, 14 A D 2d 278.) The undisputed definitive facts apply to the action against defendant-respondent the City of New York and summary judgment dismissing the action as untimely as to it is, accordingly, directed. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.