■ MICHAEL SPIELMAN, Respondent, v ACME NATIONAL SALES COMPANY, INC. (DELAWARE), Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 19, 1989 in Columbia County, which granted plaintiff's motion for summary judgment in lieu of complaint.

By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, plaintiff commenced this action to recover upon a promissory note for the payment of money only. The note was given as partial consideration for the sale of the assets of the former Acme National Sales Company, Inc. (hereinafter Acme). At the time of the purchase, the parties entered into a collateral noncompetition agreement which provided, *inter alia,* that plaintiff would not compete with defendant for seven years.

Plaintiff, having established a prima facie case by proof of the note and default in payment thereon, is entitled to summary judgment in the absence of the submission by defendant of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense *(Conolog Corp. v P.R. Elecs.*

*Export,* 140 AD2d 190, 191; *see, Gateway State Bank v Shangri-La Private Club for Women,* 113 AD2d 791, 792, *affd* 67 NY2d 627; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, 137, *affd* 29 NY2d 617). To defeat a motion for summary judgment, the opposing party must assemble and lay bare its proof to demonstrate that there are genuine triable issues *(Kornfeld v NRX Technologies,* 93 AD2d 772, 773, *affd* 62 NY2d 686) and reliance upon conclusory assertions, conjecture, mere suspicion or surmise will not suffice for this purpose *(supra).* For the reasons that follow, we agree with Supreme Court that defendant has failed to raise a triable issue of fact and accordingly affirm.

Initially, we reject defendant's bald allegations of fraud and misrepresentation concerning Acme's financial condition. First, defendant has been in possession of the assets of Acme and has operated the business for a period in excess of three years. Second, defendant obtained numerous reports from auditors and accountants both before and after the purchase. Notably, defendant has failed to offer any competent proof that plaintiff misrepresented any specific figure or calculation contained in the financial documents. Nor do we find any merit in defendant's claim that plaintiff misrepresented the status of the Underwriters Laboratories and American Gas Association approvals for various products. Defendant has failed to allege any specific representation with respect to either of the product-testing services and, since the services are not governmental authorities or agencies, the contractual provision cited by defendant, dealing with governmental permits, licenses and franchises, is inapplicable to its claim. Finally, we agree with Supreme Court that the alleged breach of the noncompetition agreement is separate and apart from the contract of sale. Thus, it does not constitute a defense to this action on the promissory note and will not defeat plaintiff's motion for summary judgment *(see, Logan v Williamson & Co.,* 64 AD2d 466, 469-470, *appeal dismissed* 46 NY2d 996).

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.