■ PEDRO SUAREZ, Appellant, v STATE OF NEW YORK, Respondent. [598 NYS2d 381] —Appeals (1) from an order of the Court of Claims (Margolis, J.), entered October 25, 1989, which dismissed the claim for lack of jurisdiction, and (2) from an order of said court, entered December 17, 1991, which denied claimant's motion for reconsideration.

By order entered October 25, 1989, the Court of Claims dismissed claimant's action for failure to serve a copy of the claim on the Attorney-General as required by Court of Claims Act § 11 (a). Claimant admits to this error in his brief on appeal. Claimant's February 5, 1991 motion for reconsideration was then denied by the court by order entered December 17, 1991. Claimant now appeals from both orders.

Claimant's appeal from the order entered October 25, 1989 must be dismissed as untimely *(see,* CPLR 5513 [a]; *Stancage v Stancage,* 173 AD2d 1081, *lv denied* 78 NY2d 1062). The statutory requirements regarding the time in which to bring an appeal are jurisdictional in nature and must be strictly adhered to *(see, Matter of Kolasz v Levitt,* 63 AD2d 777, 779). Claimant's appeal from the order entered December 17, 1991 must also be dismissed. Because claimant's motion fails to allege any new or previously unknown facts, it must be considered a motion for reargument and not a motion for renewal *(see, Levy v Blue Cross & Blue Shield,* 162 AD2d 931,

932). An order denying a motion to reargue is not appealable *(see, Ambrosino v Aetna Life Ins. Co.,* 157 AD2d 993, *lv dismissed* 75 NY2d 947). As a final matter, we note that claimant's failure to comply with the service requirements of Court of Claims Act § 11 (a) did not constitute a mere technical error, as claimant contends, but resulted in a failure of subject matter jurisdiction *(see, Finnerty v New York State Thruway Auth.,* 75 NY2d 721, 723); such failure is fatal *(see, Matter of Dreger v New York State Thruway Auth.,* 177 AD2d 762, 763, *affd* 81 NY2d 721).

Weiss, P. J., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the appeals are dismissed, without costs.