■ Gina Morris, Appellant, v Robert A. Start et al., Respondents. [701 NYS2d 515] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered June 15, 1999 in Albany County, which, inter alia, granted defendants' cross motion to dismiss the complaint as time barred.

In May 1994, plaintiff commenced a personal injury action against defendants seeking to recover for personal injuries that she allegedly sustained in a September 1991 automobile ac-

cident. The action was dismissed with prejudice on January 13, 1997 due to plaintiff's failure to appear for trial. During the pendency of her ultimately unsuccessful motion to restore the case to the trial calendar, plaintiff commenced this identical action against defendants in June 1997, after the three-year Statute of Limitations had expired on her claim but within six months of the dismissal of the prior action. Following joinder of issue, plaintiff moved to dismiss certain of the affirmative defenses asserted in defendants' answer and defendants cross-moved to, *inter alia*, dismiss the complaint as time barred, arguing that plaintiff was not entitled to a six-month extension under CPLR 205 (a) because the first action was dismissed for failure to prosecute. Supreme Court denied plaintiff's motion and granted that portion of defendants' cross motion seeking dismissal of the complaint, prompting this appeal by plaintiff.

We affirm. Under CPLR 205 (a), an action that is timely commenced but thereafter terminated may be recommenced within six months thereof unless the termination was due to voluntary discontinuance, a final judgment on the merits, neglect to prosecute or failure to obtain personal jurisdiction. Contrary to plaintiff's contention, her failure to appear on the scheduled trial date, despite her previous assertion that she was ready to proceed to trial, warranted dismissal for "neglect to prosecute" (*see generally, Tleige v Troy Pediatrics*, 237 AD2d 772, 774). Accordingly, plaintiff was not entitled to the benefit of CPLR 205 (a), and the complaint was properly dismissed as time barred pursuant to the applicable three-year Statute of Limitations (*see*, CPLR 214 [5]).

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.