GEORGE W. CHASE, Doing Business as CHASE SALES & REPAIRS, Appellant, v CHARLES HOUGHTON, Respondent. [838 NYS2d 260]—

Rose, J. Appeal from an order of the County Court of Tompkins County (Sherman, J.), entered December 6, 2005, which affirmed a judgment of the Ithaca City Court in favor of defendant.

Plaintiff, who operates a farm service and supply business, commenced this action in Ithaca City Court in 2004 to recover $7,828.31 allegedly owed for sales made to defendant on a running account of sales from approximately 1981 to 1992. In response to defendant's assertion that his claim was barred by the six-year statute of limitations, plaintiff relied upon one payment of $350 made by check in September 1998 as an acknowledgment of the total amount then owing on the account. Finding instead that the absence of any reference to the account balance on defendant's check rendered the 1998 payment insufficient to extend the statute of limitations, City Court dismissed plaintiff's complaint. County Court affirmed City Court's judgment and plaintiff now appeals.

The record here is clear that each of the sales of services and supplies for which plaintiff seeks to recover took place far more than six years before he commenced his action. The only basis offered to avoid the statute of limitations was defendant's 1998

check. "In order that a part payment shall have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976] [citations omitted]; *see Education Resources Inst., Inc. v Piazza*, 17 AD3d 513, 514 [2005]; *Erdheim v Gelfman*, 303 AD2d 714, 715 [2003], *lv denied* 100 NY2d 514 [2003]; *Randustrial Corp. v Acme Distrib. Ctr.*, 79 AD2d 862, 863 [1980]; *Bernstein v Kaplan*, 67 AD2d 897, 898 [1979]).

Defendant's check bore no notation as to its purpose and stated no remaining balance. Although an invoice submitted by plaintiff after trial states that the 1998 payment was on account, it bears no notation by defendant acknowledging any additional debt. Nor was there any other documentary evidence or testimony that defendant had acknowledged a remaining balance. Thus, the evidence failed to establish "an absolute and unqualified acknowledgment" of more being owed (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y., supra* at 521; *see Randustrial Corp. v Acme Distrib. Ctr., supra* at 863; *cf. New York State Higher Educ. Servs. Corp. v Muson*, 117 AD2d 947, 947-948 [1986]).

Finally, to the extent that plaintiff questions the impartiality of City Court and cites to other adverse experiences with the courts, our review of the record reveals that City Court treated him with patience and respect, and his complaints provide no basis to disturb County Court's determination (*see Mulverhill v Mulverhill*, 268 AD2d 948, 949-950 [2000]).

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.