*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    522301
_____

135 BOWERY LLC,
                    Respondent,
        v                                MEMORANDUM AND ORDER

10717 LLC,
                    Appellant,
                    et al.,
                    Defendant.
_____

Calendar Date:  October 19, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

                    _____


        Lindenbaum & Young PC, Long Island City (Catherine P. McGovern of counsel), for appellant.

        Stein Riso Mantel McDonough, LLP, New York City (Gerard A. Riso of counsel), for respondent.

                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Schick, J.), entered February 9, 2015 in Sullivan County, which denied a motion by defendant 10717 LLC to vacate a default judgment entered against it.

        In July 2011, plaintiff commenced this action seeking to impose a constructive trust upon certain real property located in the Town of Thompson, Sullivan County.  Specifically, plaintiff alleged that Alan Young[1] and Charles Petri, who were — at all

_____

        [1]  Young died in March 2011.

times relevant — the owners of defendant 10717 LLC (hereinafter defendant), misappropriated $1.8 million from plaintiff and used such funds to acquire the subject parcels.[2] Following joinder of issue, plaintiff moved for summary judgment seeking, among other things, the imposition of a constructive trust and a declaration that defendant had no right, title or interest in the properties at issue. Plaintiff's motion was returnable on March 23, 2012, and defendant's papers in opposition were due on or before March 16, 2012. Prior to the return date, however, defendant filed for bankruptcy, thereby triggering an automatic stay. Numerous adjournments of the return date were granted during the pendency of the automatic stay but, after defendant's bankruptcy petition was dismissed, the return date of plaintiff's summary judgment motion was set for August 30, 2013.

On August 28, 2013, Petri sent a letter to Supreme Court (Cahill, J.), wherein he indicated that he was appearing "[p]ro [s]e" on behalf of defendant and requested an adjournment in order to allow defendant "sufficient time to retain counsel and respond to the [m]otion." Plaintiff opposed that request, noting that it had duly served defendant's attorney of record, Ronald Litchman, with the subject motion and that Petri, who was not an attorney, could not — consistent with the provisions of CPLR 321 (a) — properly appear on behalf of defendant. Supreme Court granted defendant's request and adjourned the return date until October 4, 2013.

Defendant did not file any papers in opposition to plaintiff's motion for summary judgment or otherwise respond thereto by the return date. Instead, on that date, Litchman transmitted to Supreme Court a substitution of counsel form

---

[2] Plaintiff also commenced a related action in New York County against, among others, defendant, Petri, the executors of Young's estate and Robert Young (a licensed attorney and Young's brother) seeking money damages for the same allegedly fraudulent scheme. After defendant failed to respond to the complaint in that action, a default judgment was entered against it (135 Bowery LLC v Sofer, 2016 NY Slip Op 31012[U], *22 [Sup Ct, NY County 2016]).

purporting to designate Petri as counsel of record for defendant. Three days later, Petri apparently sent a "voluminous communication" to Supreme Court seeking an additional 60-day adjournment. Supreme Court denied the requested adjournment and returned what it deemed to be defendant's ex parte submission. Thereafter, by order entered December 17, 2013, Supreme Court granted plaintiff's motion for summary judgment upon defendant's default.

In March 2014, defendant moved by order to show cause seeking to vacate the default judgment entered against it, contending that it had a reasonable excuse for failing to respond to plaintiff's motion — namely, a lack of counsel — as well as a meritorious defense to the action. Supreme Court (Schick, J.) denied defendant's request finding, among other things, that defendant was "derelict in timely acquiring counsel" to represent it for the purpose of responding to plaintiff's motion. This appeal by defendant ensued.

We affirm. "A party seeking to vacate a judgment of default must demonstrate a reasonable excuse for the default and the existence of a meritorious defense" (Passeri v Tomlins, 141 AD3d 816, 817 [2016] [citations omitted]; see CPLR 5015 [a] [1]; Hayes v Village of Middleburgh, 140 AD3d 1359, 1361-1362 [2016]; Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d 1531, 1531 [2015]). Further, whether to vacate a default judgment is a determination that lies within the sound discretion of the trial court, "subject to reversal only where there has been a clear abuse of that discretion" (Hayes v Village of Middleburgh, 140 AD3d at 1362 [internal quotation marks and citations omitted]; see Doane v Kiwanis Club of Rotterdam, N.Y., Inc., 128 AD3d 1309, 1310 [2015]). We discern no abuse of that discretion here.

Defendant's present assertion — that it was confused regarding or otherwise was unaware of the need to be represented by a licensed attorney — is belied by the record. Notably, Petri's August 28, 2013 request for an adjournment was sought for the express purpose of affording defendant "sufficient time to retain counsel" to respond to plaintiff's motion for summary judgment. Despite the fact that Supreme Court (Cahill, J.) granted defendant a five-week adjournment for that very purpose,

defendant failed to do so.  Instead, on the return date of the motion, Litchman, who was counsel of record at the time that defendant's answer was filed, transmitted a substitution of counsel form that purported to designate Petri – a layperson – as counsel of record.  Three days after defendant already had defaulted on plaintiff's motion, Petri transmitted various documents to Supreme Court and requested another 60-day adjournment.  One week after Supreme Court denied the requested stay/adjournment (and nearly three weeks after the October 4, 2013 return date), Petri again sought another "60-day stay on the written [motion] so that [he could] attempt to find new counsel or be prepared to respond to the pending motion pro se."

Given defendant's repeated failures to obtain counsel despite ample opportunity to do so, Supreme Court (Schick, J.) acted well within its discretion in concluding that defendant indeed was aware of the pending motion "but was derelict in timely acquiring counsel" to oppose plaintiff's motion for summary judgment.[3]  Indeed, "[a] corporate defendant's failure to comply with CPLR 321 provides no basis for vacating a judgment entered against that defendant, since the rule is not intended to penalize an adverse party for the corporation's improper appearance, but is rather to ensure that the corporation has a licensed representative who is answerable to the court and other parties for his or her own conduct in the matter" (Jimenez v Brenillee Corp., 48 AD3d 351, 352 [2008] [internal quotation marks and citations omitted]; see Pisciotta v Lifestyle Designs, Inc., 62 AD3d 850, 853 [2009]; Lake George Park Commn. v Salvador, 245 AD2d 605, 607 [1997], lv dismissed and denied 91 NY2d 939 [1998]).  Accordingly, defendant's failure to retain counsel prior to the return date of the motion did not constitute a reasonable excuse for its default.  Absent a reasonable excuse, we need not consider whether defendant proffered a potentially

---

[3]  In this regard, the record reflects that defendant was represented by Litchman at the time that its answer was interposed, was represented by counsel during the course of the bankruptcy proceeding and was represented by Robert Young on the motion to vacate, thereby evidencing defendant's access to and ability to retain counsel.

meritorious defense (see Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858 [2016]; Rutnik & Corr CPA's, P.C. v Guptill Farms, Inc., 127 AD3d at 1532), nor do we find it necessary to address plaintiff's alternative grounds for affirmance.

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court