■ CHASE HOME FINANCE, LLC, Appellant, v KELLY M. DE-SORMEAU et al., Defendants. [59 NYS3d 812]—

---

Rumsey, J. Appeal from an order of the Supreme Court (Fisher, J.), entered August 29, 2016 in Greene County, which denied plaintiff's motion to vacate the dismissal of its foreclosure action.

Plaintiff commenced this foreclosure action in 2009 and was granted an order of reference in August 2010. On March 7, 2013, as the case had not been placed on the trial calendar and no formal applications had been made since 2010, Supreme Court (Ceresia Jr., J.) held a mandatory conference. Notice of the mandatory conference advised the parties that the failure to appear ready to proceed could result in dismissal of the action pursuant to 22 NYCRR 202.27. At the conference, plaintiff was not ready to proceed and requested 90 days to submit a formal motion. Supreme Court extended the time for plaintiff to proceed by granting the request, with the understanding that a failure to submit a motion within that time period would result in the action being dismissed. Plaintiff failed to submit a motion within 90 days and, on June 18, 2013, the court dismissed the action as abandoned pursuant to 22 NYCRR 202.27.* Plaintiff's subsequent motion to vacate the dismissal was denied by Supreme Court (Fisher, J.), and plaintiff now appeals.

Supreme Court initially found that plaintiff's motion to vacate was untimely, relying upon CPLR 5015 (a) (1) (see *Hayes v Village of Middleburgh*, 140 AD3d 1359, 1361-1362 [2016]). CPLR 5015 (a) provides that a court may vacate a judgment or order "upon the ground of: 1. excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year after such entry." Plaintiff does not deny receipt of the June 18, 2013 order of dismissal that was sent directly to its counsel by the court (see *State of N.Y. Higher Educ. Servs. Corp. v Sparozic*, 35 AD3d 1069, 1070 [2006], *lv dismissed* 8 NY3d 958 [2007]; *Gainey v Anorzej*, 25 AD3d 650, 651 [2006]).

---

* Plaintiff did not appeal from the order of dismissal. Accordingly, its argument that the action was improperly dismissed is not properly before us (see *Cusson v Hillier Group, Inc.*, 97 AD3d 1042, 1043 [2012]). In any event, as plaintiff was not ready to proceed at the time of the conference and failed to submit a formal motion within the additional 90-day time period granted at the conference, we would find that the action was properly dismissed in June 2013 (see 22 NYCRR 202.27).

Inasmuch as plaintiff did not properly move to vacate that order until June 2015—two years later—its motion to vacate was untimely (*see Hayes v Village of Middleburgh*, 140 AD3d at 1362), and the motion was properly denied on this ground.

Even if plaintiff's motion were timely, denial of the motion was proper as plaintiff failed to demonstrate a reasonable excuse for its failure to proceed. "A motion to vacate a dismissal pursuant to 22 NYCRR 202.27 must be supported by a reasonable excuse for the failure to proceed and a meritorious cause of action" (*US Bank N.A. v Thurm*, 140 AD3d 1578, 1579 [2016] [citations omitted]; *see Hayes v Village of Middleburgh*, 140 AD3d at 1361-1362). Plaintiff's counsel alleged that the delay in proceeding with the foreclosure action was due to the transfer of the mortgage loan to a new servicer and the need to comply with Administrative Order AO/548/10 of the Chief Administrative Judge of the Courts, which required that plaintiff review all documents relied upon in the foreclosure action. To demonstrate its compliance with the review, plaintiff relied upon the affidavit of Nathan Abeln, sworn to April 10, 2012. Inasmuch as the Abeln affidavit was executed 14 months prior to the order of dismissal, it cannot serve as a basis for a reasonable excuse. Plaintiff's counsel further alleged that the delay was due to the need to comply with Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts, which required that plaintiff's counsel undertake a separate review of the loan documents and submit an affidavit of merit. The review conducted by plaintiff's counsel was not completed until June 27, 2013, and plaintiff has offered no reason why its counsel could not complete review of the documents and proceed with the foreclosure action within the 14-month period following execution of the Abeln affidavit and prior to entry of the order dismissing the action. Therefore, even if we were to reach the merits of plaintiff's motion, we would find no reasonable excuse for plaintiff's failure to proceed, which would make it unnecessary to determine whether plaintiff had demonstrated a meritorious cause of action (*see US Bank N.A. v Thurm*, 140 AD3d at 1579).

Peters, P.J., Garry, Rose and Clark, JJ., concur. Ordered that the order is affirmed, without costs.