■ Bank of New York Mellon, Formerly Known as Bank of New York, as Trustee, in Trust for Registered Holders of CWABS, Inc., Asset-Back Certificates, Series 2005-IM3, Appellant, v Erin Slavin, Also Known as Erin Mohammed, Respondent, et al., Defendants. [67 NYS3d 328]—

Pritzker, J. Appeal from an amended order of the Supreme Court (Zwack, J.), entered November 21, 2016 in Rensselaer County, which, among other things, granted defendant Erin Slavin's cross motion for summary judgment dismissing the complaint against her.

Plaintiff's first foreclosure action (hereinafter the first action) against defendant Erin Slavin (hereinafter defendant) was commenced in October 2006, but dismissed in January 2013 due to the failure of plaintiff to appear at a mandatory conference. Plaintiff moved twice to vacate the dismissal, and Supreme Court denied the requests. In July 2015, this Court affirmed Supreme Court's denial of plaintiff's motion to vacate (*Bank of N.Y. v Mohammed*, 130 AD3d 1419 [2015]). In August 2015, plaintiff commenced this foreclosure action (hereinafter the second action) against defendant, among others. After issue was joined, plaintiff moved for, among other things, summary judgment and defendant cross-moved for summary judgment dismissing the complaint against her. Supreme Court granted defendant's cross motion, finding that the action was time-barred.

Defendant established that the statute of limitations began to run on October 2, 2006, when plaintiff accelerated the debt after defendant fell behind on her payments (*see Lavin v Elmakiss*, 302 AD2d 638, 639 [2003], *lv dismissed* 100 NY2d 577 [2003], *lv denied* 2 NY3d 703 [2004]; *Saini v Cinelli Enters.*, 289 AD2d 770, 771 [2001], *lv denied* 98 NY2d 602 [2002]). Thus, defendant, as the proponent for summary judgment, carried her prima facie burden of establishing that the second action was time-barred as it was commenced in 2015, more than six

years beyond the acceleration of the debt (*see* CPLR 213 [4]; *Phillips v Dweck*, 300 AD2d 969, 969 [2002]; *Firth v State of New York*, 287 AD2d 771, 771-772 [2001], *affd* 98 NY2d 365 [2002]). Plaintiff countered by asserting that the second action was timely due to, among other reasons, the savings provision contained in CPLR 205 (a). We agree.

"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon [the] defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute . . . , the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay" (CPLR 205 [a]). Here, the neglect to prosecute exception is inapplicable because the first action was specifically dismissed due to the failure of plaintiff to appear at a mandatory conference (*see* 22 NYCRR 202.27), and the sua sponte dismissal did not set forth any specific conduct that demonstrated a general pattern of delay (*see* CPLR 205 [a]; *Wells Fargo Bank, N.A. v Eitani*, 148 AD3d 193, 198 [2017], *appeal dismissed* 29 NY3d 1023 [2017]). Further, it is not disputed that the second action would have been timely commenced when the first action was commenced in October 2006, it is based on the same occurrence as the first action and the dismissal was not based upon a voluntary discontinuance, lack of personal jurisdiction or a final judgment on the merits (*see* CPLR 205 [a]).

The key issue is whether the six-month period began after Supreme Court's dismissal in 2013 or after this Court's affirmance of the denial of the motion to vacate the default in July 2015. For purposes of CPLR 205 (a), the commencement of the six-month period begins when the action is finally terminated, generally when all appeals as of right have been exhausted (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 519 [2005]; *Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014, 1016 [1998]). The 2013 dismissal was not appealable as of right because it was based upon plaintiff's default; therefore plaintiff, as required, moved to vacate the default, which was denied, thereby permitting plaintiff to ap-

peal such denial (*see* 22 NYCRR 202.27 [b]; *Matter of Susan UU. v Scott VV.*, 119 AD3d 1117, 1118 [2014]; *Brannigan v Dubuque*, 199 AD2d 851, 851-852 [1993]; *F.W. Myers & Co. v Owsley & Sons*, 192 AD2d 927, 927 [1993]). As such, the default order did not constitute a final termination of the action within the meaning of CPLR 205 (a) because plaintiff was statutorily authorized to file a motion to vacate and to appeal from the denial of that motion (*see* CPLR 5015 [a] [1]; *Brannigan v Dubuque*, 199 AD2d at 851-852).

Further, it is procedurally and logically unsound to deem the dismissal a "termination" because success in the motion court or upon appeal would reinstate the original action. By contrast, an action cannot be reinstated after appeals are exhausted and, thus, an action is properly deemed terminated under those circumstances. Therefore, as the action was not finally terminated until this Court affirmed the order denying the motion to vacate the default in July 2015, the second action was timely commenced in August 2015, well within the six-month period provided in CPLR 205 (a).[1] The cases relied on by the dissent—*Burns v Pace Univ.* (25 AD3d 334 [1st Dept 2006], *lv denied* 7 NY3d 705 [2006]), *Haber v Telson* (4 AD2d 677 [2d Dept 1957], *affd* 4 NY2d 687 [1958]) and *Jelinek v City of New York* (25 AD2d 425 [1st Dept 1966])—are factually distinguishable and inapposite. Nor is this an instance of undue delay, for the motion to vacate was properly made pursuant to CPLR 5015, within one year from service of the default order. As such, we reverse the granting of defendant's cross motion for summary judgment and, in light of this determination, plaintiff's remaining arguments regarding timeliness are rendered academic.[2]

As the second action was timely commenced, Supreme Court should also have granted plaintiff's motion for summary judgment. "To establish its prima facie entitlement to summary judgment in a mortgage foreclosure action, a plaintiff must submit the mortgage, unpaid note and evidence of the mortgagor's default" (*Bank of N.Y. Mellon v Cronin*, 151 AD3d 1504, 1505 [2017] [citations omitted]). The burden then shifts to the defendant "to come forward with competent and admissible evidence demonstrating the existence of a defense that properly

---

1. Plaintiff submitted an affidavit of service establishing that defendant was served, in the second action, within the six-month time period required under CPLR 205 (a).

2. Insofar as defendant contends that the appeal is moot as the property subject to this action was purportedly sold in January 2017, that issue is outside the record and, as it was brought up for the first time on appeal, is not properly before us.

could raise an issue of fact as to [the defendant's] default" (*HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013], *lvs dismissed* 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]).

In support of its motion, plaintiff submitted, among other things, the mortgage and its assignment to plaintiff, a copy of the unpaid note, an affidavit of Mark Syphus—a Document Control Officer for plaintiff's servicing agent and an attorney-in-fact—that attests to defendant's default,[3] and a letter, dated May 6, 2016, notifying defendant of her default. Plaintiff therefore established its prima facie entitlement to summary judgment (*see Bank of N.Y. Mellon v Cronin*, 151 AD3d at 1505). As plaintiff met its burden, the burden shifted to defendant "to raise a question of fact as to a bona fide defense to foreclosure" (*HSBC Bank USA, N.A. v Szoffer*, 149 AD3d 1400, 1401 [2017]). In defendant's answer, it is asserted that plaintiff lacks standing; therefore, plaintiff had the additional burden of demonstrating that, "at the time the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (*Wells Fargo Bank, N.A. v Walker*, 141 AD3d 986, 987 [2016] [internal quotations marks and citations omitted]). Plaintiff submitted the written and recorded mortgage assignment and an affidavit by its attorney-in-fact attesting to physical possession of the note at the time the action was commenced, and these unchallenged assertions sufficiently established standing (*see Bank of N.Y. Mellon v Cronin*, 151 AD3d at 1506-1507). Likewise, as to defendant's remaining defenses, to defeat a motion for summary judgment, the party opposing the motion must "assemble and lay bare its proof to demonstrate that there are genuine triable issues and reliance upon conclusory assertions, conjecture, mere suspicion or surmise will not suffice for this purpose" (*Spielman v Acme Natl. Sales Co. [Del.]*, 159 AD2d 918, 919 [1990] [citation omitted]). As defendant only responded to the portions of plaintiff's motion regarding the affirmative defense and counterclaim for timeliness, the remaining defenses asserted by defendant were merely conclusory assertions and are therefore insufficient to defeat plaintiff's entitlement to summary judgment (*see id.*).

Egan Jr., J.P., Lynch and Rose, JJ., concur.

Aarons, J. (dissenting). I respectfully dissent. In my view, plaintiff had six months from January 2013—when Supreme Court (McDonough, J.) dismissed plaintiff's first action based upon its failure to appear at a mandatory conference—to recommence this action. Because plaintiff did not recommence

---

**3.** Additionally, the record is replete with defendant conceding her default.

this action until August 2015, the action is untimely. Accordingly, Supreme Court (Zwack, J.) properly denied plaintiff's motion for summary judgment and granted the cross motion for summary judgment by defendant Erin Slavin (hereinafter defendant).

In October 2006, plaintiff commenced a mortgage foreclosure action (hereinafter the first action) against defendant and others. In a January 2013 order, however, Supreme Court (McDonough, J.) dismissed the action under 22 NYCRR 202.27 "based upon plaintiff's failure to appear at the mandatory conference" that was scheduled for December 2012. Plaintiff thereafter moved to vacate the dismissal entered on its default and to restore the action to the court's calendar. Supreme Court (Zwack, J.) scheduled a hearing in December 2013 on plaintiff's motion to vacate. Plaintiff did not appear on that scheduled hearing date and subsequently moved again to restore the action to the court's calendar and to vacate any defaults related to its failure to attend the December 2013 hearing. In July 2014, Supreme Court denied both motions on the ground that plaintiff failed to supply a reasonable excuse for its failure to appear. Plaintiff took an appeal from the July 2014 order and, in July 2015, we affirmed the dismissal because of "the absence of a reasonable excuse for the repeated failures of counsel to appear for scheduled conferences" (*Bank of N.Y. v Mohammed*, 130 AD3d 1419, 1420 [2015]).

In August 2015, plaintiff commenced this mortgage foreclosure action (hereinafter the second action), which was based upon the same acts and circumstances as the first action. After joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for summary judgment on the basis that the second action was untimely. In November 2016, Supreme Court denied plaintiff's motion and granted defendant's cross motion. I would affirm this order, albeit for different reasons then those stated by Supreme Court.

As an initial matter, defendant represents that in January 2017, she conveyed the property that is the subject of this action and, therefore, argues that plaintiff's appeal is moot. In a footnote, the majority refuses to entertain defendant's mootness argument on the basis that defendant improperly relies on matters outside the record. The fact that a property may be sold or conveyed after the order appealed from was issued, however, does not preclude us from determining whether such action renders an appeal moot (*see e.g. SEFCU v Allegra Holdings, LLC*, 148 AD3d 1241, 1242 [2017]; *Lehman Commercial Paper, Inc. v Point Prop. Co., LLC*, 146 AD3d 1192, 1193 [2017]).

Nevertheless, I find defendant's mootness contention without merit inasmuch as a decision by this Court could impact plaintiff's rights under CPLR 5523.

Turning to the merits, the majority correctly notes that defendant satisfied her summary judgment burden by establishing that plaintiff's complaint was untimely. Although I also agree with the majority that plaintiff can rely on the six-month extension provided by CPLR 205 (a), my divergence stems on how the statute should be applied. For the reasons that follow, I would conclude that plaintiff had six months from January 2013—when the first action was dismissed—to recommence this action and, because plaintiff did not recommence the action until August 2015, it is untimely.

CPLR 205 (a) is a tolling statute that allows a plaintiff to recommence an action within six months after it has been terminated so long as the termination was not, as relevant here, due to a neglect to prosecute the action. The first question that must therefore be resolved is whether the dismissal of the first action via Supreme Court's January 2013 order was due to plaintiff's neglect to prosecute the action. If so, plaintiff cannot rely on CPLR 205 (a). As discussed, the first action was dismissed based upon plaintiff's failure to appear at a mandatory court conference. To that end, "the dismissal of an action pursuant to 22 NYCRR 202.27 (b) may, under appropriate circumstances, constitute a dismissal for neglect to prosecute" (*Marrero v Crystal Nails*, 114 AD3d 101, 110 [2013]; *see Laffey v City of New York*, 72 AD2d 685, 685 [1979], *affd* 52 NY2d 796 [1980]). We have likewise held that a plaintiff's failure to appear on a scheduled trial date amounted to a neglect to prosecute and, as such, a plaintiff could not rely on CPLR 205 (a) (*see Morris v Start*, 268 AD2d 787, 788 [2000]). Accordingly, it would seem that plaintiff, as Supreme Court found in the order appealed from, could not enjoy the benefit of CPLR 205 (a). The 2008 amendment to CPLR 205 (a), however, changed the calculus in determining whether CPLR 205 (a) will save a claim that was dismissed sua sponte by a court due to a party's failure to appear at a mandatory court conference.

As amended in 2008 and in its present iteration, CPLR 205 (a) provides that "[w]here a dismissal is one for neglect to prosecute the action made pursuant to [CPLR 3216] or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation." The January 2013 order specified the basis for the dismissal—"plaintiff's failure to appear at the mandatory conference."

Even if I agreed with defendant that the record demonstrated a general pattern of delay, the January 2013 order only recited a one-time failure by plaintiff in failing to appear at a mandatory conference. This recitation does not satisfy that component of CPLR 205 (a) requiring "a general pattern of delay in proceeding with the litigation" (*see Wells Fargo Bank, N.A. v Eitani*, 148 AD3d 193, 198 [2017], *appeal dismissed* 29 NY3d 1023 [2017]). While defendant contends that Supreme Court's July 2014 order and our July 2015 order supplied the requisite pattern of delay, those orders concerned whether the first action should be revived. CPLR 205 (a) speaks to the pattern of delay that leads to the dismissal of an action and, thus, the January 2013 order is the operative order that must be examined for CPLR 205 (a) purposes (*see generally Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 123 AD3d 1111, 1112 [2014]; *but see Dunlop v Saint Leo the Great R.C. Church*, 133 AD3d 1288, 1289 [2015]). Given that the January 2013 order does not satisfy the legislature's explicit directive that a general pattern of delay be set forth on the record by a court, the dismissal of the first action was not due to a neglect to prosecute and, as such, plaintiff is able to reap the six-month benefit of CPLR 205 (a).

In light of this determination, the second question that must be resolved is from what point the six-month period starts to run. Under CPLR 205 (a), the new action may be commenced within six months after the termination of the initial action. " '[T]ermination' of the prior action occurs when appeals as of right are exhausted" (*Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 519 [2005], quoting *Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014, 1016-1017 [1998]). Stated somewhat differently, "where an appeal is taken as a matter of right, or where discretionary appellate review is granted on the merits, the six-month period does not commence since termination of the prior action has not yet occurred" (*Malay v City of Syracuse*, 25 NY3d 323, 328 [2015] [internal quotation marks and citation omitted]). Because plaintiff did not have any appeal as of right from the January 2013 order given that it was an order entered upon plaintiff's default (*see BAC Home Loans Servicing, LP v Funk*, 154 AD3d 1244, 1245 [2017]; *Brannigan v Dubuque*, 199 AD2d 851, 851-852 [1993]), in my view, the first action terminated for purposes of CPLR 205 (a) in January 2013 (*see Burns v Pace Univ.*, 25 AD3d 334, 335 [2006], *lv denied* 7 NY3d 705 [2006]; *Jelinek v City of New York*, 25 AD2d 425, 425 [1966]; *Haber v Telson*, 4 AD2d 677, 677 [1957], *affd* 4 NY2d 687, 689 [1958]). At that point, as de-

fendant recognizes, plaintiff could have recommenced this action within six months of the January 2013 order—i.e., by July 2013—to save the claims alleged in the first action. By waiting until August 2015, over two years after the savings period of CPLR 205 (a) expired, the second action was untimely.

According to plaintiff and the majority, however, because the sua sponte dismissal by Supreme Court gave rise to a motion to vacate and an appeal from any order deciding that motion, the January 2013 order did not terminate the action within the meaning of CPLR 205 (a). Plaintiff thus contends, and the majority holds, that the six-month period began running from the entry of our July 2015 order. I disagree.

First, the majority cites no legal authority for its proposition that, since "the action was not finally terminated until this Court affirmed the order denying the motion to vacate the default in July 2015, the second action was timely commenced in August 2015, well within the six-month period provided in CPLR 205 (a)." Instead, the majority relies on decisions merely stating the general rule that no appeal lies as of right from an order entered on default. Indeed, this case is no different than *Burns v Pace Univ. (supra)*, where the First Department held that an action was deemed terminated on the date that the plaintiff did not appear at a court-scheduled conference. Nor does this case differ from *Jelinek v City of New York (supra)*, where the First Department held that the action was terminated on the date that the action was dismissed due to the plaintiff's refusal to pick a jury on the scheduled trial date, or *Haber v Telson (supra)*, where the Second Department, as affirmed by the Court of Appeals, determined that the action was terminated on the date when the plaintiff failed to appear at the directed time to select a jury. While the procedural posture of these decisions may be distinguishable, the salient point remains that the actions therein were deemed terminated on the date of the respective plaintiffs' defaulting acts, even when a motion to vacate the default was timely made (*see e.g. Jelinek v City of New York*, 25 AD2d at 425; *Haber v Telson*, 4 AD2d at 677).

Second, we already concluded that plaintiff could not revive the first action because it failed to have a reasonable excuse for failing to appear at the court-mandated conference (*Bank of N.Y. v Mohammed*, 130 AD3d at 1420). The rule proposed by the majority, however, permits plaintiff, under the circumstances of this case, to evade the consequences of that order. Although plaintiff was not entitled to appellate review of the January 2013 dismissal order as a matter of right, it was

entirely free, as discussed, to recommence this action within six months of such order. Plaintiff instead elected to forgo the benefit of CPLR 205 (a) and focus on whether its default should be vacated. In other words, plaintiff apparently wanted to be judged on whether it had a reasonable excuse for failing to appear at the mandatory court conference and a meritorious claim (*see Chase Home Fin., LLC v Desormeau*, 152 AD3d 1033, 1035 [2017]; *Hill v McCrae*, 146 AD3d 1131, 1132 [2017]). Plaintiff ultimately lost that battle and should not then be able to invoke CPLR 205 (a) when it already passed on the chance to do so.

Third, appeals as of right are governed by strict deadlines (*see* CPLR 5513 [a]). A prevailing party knows that if the aggrieved party does not comply with the time mandates of CPLR 5513, the Appellate Division is without jurisdiction to entertain the appeal (*see Suarez v State of New York*, 193 AD2d 1037, 1037 [1993]). Assuming there is compliance and depending on the particular rules of each Appellate Division, parties can fairly predict when an order will be issued in an appeal taken as of right. In other words, the prevailing party can be reasonably certain when an action will be terminated.

In contrast, by having the six-month period start after an appellate court has issued an order on an appeal involving a motion to vacate a sua sponte dismissal of an action, a defaulting party can perpetuate the termination of an action and, with such power, also perpetuate the time within which an action must be recommenced under CPLR 205 (a). In this regard, a party seeking to vacate a default is applying for discretionary relief from a court (*see 135 Bowery LLC v 10717 LLC*, 145 AD3d 1225, 1227 [2016]; *Baptist Health Nursing & Rehabilitation Ctr., Inc. v Baxter*, 140 AD3d 1386, 1386-1387 [2016]). Generally, a party has one year from when the order or judgment has been served with notice of entry to seek this discretionary relief (*see* CPLR 5015 [a] [1]). Even after the expiration of this one-year period, however, a party may still invoke a court's inherent authority to vacate its own order or judgment in the interest of justice (*see Ladd v Stevenson*, 112 NY 325, 332 [1889]; *Cippitelli v Town of Niskayuna*, 277 AD2d 540, 541 [2000]). Accordingly, unlike an aggrieved party that has 30 days from service of the order or judgment with notice of entry to serve and file a notice of appeal (*see* CPLR 5513 [a]), a defaulting party, such as plaintiff, is not absolutely bound by the one-year period to vacate a default (*see* CPLR 5015 [a] [1]). Given that a defaulting party is not circumscribed by the fixed and jurisdictional time period applicable to an aggrieved party that has an appeal as a matter of right, the defaulting party

can theoretically delay when the action is deemed terminated for purposes of CPLR 205 (a). The deadlines provided by a motion to vacate a dismissal do not provide the same level of finality as those deadlines related to appeals taken as of right. A defendant should not be left to a defaulting plaintiff's whim regarding when an action is deemed terminated, which is what the majority's holding allows.

Finally, in my view, plaintiff's reliance on the 2009 trial modification plan as a basis to toll the statute of limitations is misplaced (*see Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]; *see generally Petito v Piffath*, 85 NY2d 1, 8-9 [1994]).* Nor did plaintiff tender sufficient evidence to show that partial payments by defendant were actually made so as to have the effect of tolling the statute of limitations (*see Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d at 521; *Chase v Houghton*, 41 AD3d 1062, 1063 [2007]; *Education Resources Inst., Inc. v Piazza*, 17 AD3d 513, 514-515 [2005]). Even if there was sufficient evidence of partial payments, the record fails to disclose "circumstances amounting to an absolute and unqualified acknowledgment by [defendant] of more being due, from which a promise may be inferred to pay the remainder" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d at 521). The record likewise does not support plaintiff's argument that it revoked, through an affirmative act, its acceleration of the debt (*see Lavin v Elmakiss*, 302 AD2d 638, 639 [2003], *lv dismissed* 100 NY2d 577 [2003], *lv denied* 2 NY3d 703 [2004]).

For these reasons, defendant's cross motion for summary judgment was properly granted and I would therefore affirm.

Ordered that the amended order is reversed, on the law, with costs, defendant Erin Slavin's cross motion for summary judgment denied, plaintiff's motion for summary judgment granted, and matter remitted to the Supreme Court for the appointment of a referee to compute the amount due plaintiff.

 ---

* I also note, as Supreme Court did, that the 2009 trial modification plan contained in the record is signed only by defendant.