MTGLQ Invs., LP v Zaveri (2022 NY Slip Op 06335)

MTGLQ Invs., LP v Zaveri

2022 NY Slip Op 06335

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

643 CA 21-01222

[*1]MTGLQ INVESTORS, LP, PLAINTIFF-APPELLANT,
v
SEEMA A. ZAVERI, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 

FRIEDMAN VARTOLO LLP, NEW YORK CITY (VIRGINIA CLAIRE GRAPENSTETER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered July 19, 2021. The order and judgment, insofar as appealed from, granted the motion of defendant Seema A. Zaveri for summary judgment dismissing the complaint against her and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Seema A. Zaveri is denied, and the complaint is reinstated against that defendant.
Memorandum: In this residential foreclosure action, plaintiff appeals, as limited by its brief, from that part of an order and judgment granting the motion of Seema A. Zaveri (defendant) for summary judgment dismissing the complaint against her as time-barred and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282. We reverse the order and judgment insofar as appealed from.
In 2012, plaintiff's predecessor in interest commenced a residential foreclosure action against defendant, among others (2012 action). That action remained dormant and, on March 2, 2016, it was "pre-marked off" Supreme Court's calendar in a clerk's minute entry. On March 2, 2017, pursuant to CPLR 3404, the action was deemed abandoned and dismissed. Plaintiff's predecessor in interest appealed from the denial of its subsequent motion to vacate the dismissal and restore the 2012 action to the calendar, but the appeal was dismissed on November 30, 2018, for failure to perfect (see 22 NYCRR 1250.10 [a]). Plaintiff commenced the instant foreclosure action on April 2, 2019.
It is undisputed that the statute of limitations began to run on April 2, 2012, when plaintiff's predecessor in interest accelerated the debt by commencing the 2012 action (see Federal Natl. Mtge. Assn. v Tortora, 188 AD3d 70, 74 [4th Dept 2020]; U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483-1484 [4th Dept 2018]). Thus, defendant, as the proponent for summary judgment, met her initial burden on the motion of establishing that the instant action was time-barred inasmuch as it was commenced more than six years beyond the acceleration of the debt (see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1073-1074 [3d Dept 2017], lv dismissed 33 NY3d 1128 [2019]; Schumaker v Boehringer Mannheim Corp./DePuy, 272 AD2d 870, 870 [4th Dept 2000]; see generally CPLR 213 [4]). We agree with plaintiff, however, that the instant action was timely commenced because CPLR 205 (a) applies here to extend the statute of limitations.
"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal [*2]of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action" (CPLR 205 [a]). We reject defendant's argument that, for purposes of the statute, the 2012 action terminated when it was deemed abandoned and dismissed on March 2, 2017 (see CPLR 3404). Where a plaintiff has sought to appeal as of right from the denial of a motion to vacate the dismissal of its action, the action terminates for purposes of CPLR 205 (a) when the appeal "is truly 'exhausted,' either by a determination on the merits or by dismissal of the appeal, even if the appeal is dismissed as abandoned" (Malay v City of Syracuse, 25 NY3d 323, 329 [2015]; see Bank of N.Y. Mellon, 156 AD3d at 1075). Here, the dismissal of the 2012 action "did not constitute a final termination of that action within the meaning of CPLR 205 (a) because plaintiff's predecessor in interest was statutorily authorized to file a motion to vacate [the dismissal] and to appeal from the denial of that motion" (Bank of N.Y. Mellon, 156 AD3d at 1075; see generally Malay, 25 NY3d at 328; Joseph Francese, Inc. v Enlarged City School Dist. of Troy, 95 NY2d 59, 64 [2000]). The 2012 action thus terminated for purposes of CPLR 205 (a) on November 30, 2018, when this Court dismissed the appeal and plaintiff's predecessor in interest thereby exhausted its right of appeal (see Malay, 25 NY3d at 328-329; Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519-520 [2005]; Bank of N.Y. Mellon, 156 AD3d at 1074-1075). Inasmuch as the instant action was commenced within six months of November 30, 2018, we conclude that it was timely commenced. That conclusion is "in keeping with the statute's remedial purpose of allowing plaintiffs to avoid the harsh consequences of the statute of limitations and have their claims determined on the merits where, as here, a prior action was commenced within the limitations period, thus putting defendants on notice of the claims" (Malay, 25 NY3d at 329).
We further conclude that "[t]he cases relied upon by [defendant]—Burns v Pace Univ. (25 AD3d 334 [1st Dept 2006], lv denied 7 NY3d 705 [2006]), Haber v Telson (4 AD2d 677 [2d Dept 1957], affd 4 NY2d 687 [1958]) and Jelinek v City of New York (25 AD2d 425 [1st Dept 1966])—are factually distinguishable and inapposite" (Bank of N.Y. Mellon, 156 AD3d at 1075). The two older cases are rooted in the Civil Practice Act, pursuant to which a clerk's "entry of [an] order of dismissal upon the minutes of the clerk" was construed as a "written order of [the] court" (Troiano v Kinney Motors, Inc., 276 App Div 869, 869 [2d Dept 1949]). Under the CPLR, a clerk's entry in the minutes, although denominated an order, is "neither signed nor initialed by [a] judge" and therefore "is not an order which may be the subject of an appeal" (Carter v Castle Elec. Contr. Co., 23 AD2d 768, 768 [2d Dept 1965]; see CPLR 2219). Thus, neither case supports defendant's assertion that the clerk's minute entry "pre-mark[ing]" the case off of the court's calendar is the operative date for determining when the action terminated for purposes of CPLR 205 (a). Burns is factually distinguishable because the plaintiff never moved to vacate the dismissal (25 AD3d at 334). Thus, although the plaintiff "was entitled to rely on the tolling provision in CPLR 205 (a)," there was no later date of termination, and the toll provided by CPLR 205 (a) expired six months after the initial dismissal (Burns, 25 AD3d at 334-335).
The court thus erred in granting defendant's motion for summary judgment dismissing the complaint against her and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 (see generally U.S. Bank N.A. v Krakoff, 199 AD3d 859, 863 [2d Dept 2021]). In light of our determination, plaintiff's remaining contention is academic.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court